# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLES ROBERT GORBY, )<br>    Defendant. ) | 2:08-cr-00004-LJM-CMM |

## REPORT AND RECOMMENDATION

On March 26, 2020, the Court held an initial hearing on the Petition for Warrant for Offender Under Supervision filed on September 9, 2019. Charles Robert Gorby ("Defendant") appeared in person with CJA counsel, Jane Ruemmele. The Government appeared by Frank Dahl, Assistant United States Attorney, o/b/o Steven DeBrota, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

    1.    The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant admitted Violation Nos. 1-7. [Docket No. 52.]

    3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "The defendant shall not commit another federal, state, or local crime." |

2. "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."

   As previously reported to the Court, on July 16, 2018, a charge of Driving While Suspended, misdemeanor, and an unknown traffic citation were filed against Mr. Gorby in the Dubois County, Indiana, Superior Court. The charge is pending under cause number 19D01-1807-CM-000782. The offender failed to appear for initial hearings on July 18, 2018, and August 14, 2018, and therefore, an arrest warrant was issued. Despite several directives from the probation officer, Mr. Gorby has made no attempts to resolve this case. The offender failed to notify the probation officer of the contact he had with law enforcement officials around July 16, 2018, as required. The charge was discovered during a routine criminal record check.

3. "The defendant shall refrain from any unlawful use of a controlled substance."

   As previously reported to the Court, on October 19, and 23, 2018, Mr. Gorby submitted diluted urine samples which tested positive for methamphetamine. On October 24, 2018, he submitted a sample which tested positive for methamphetamine. On December 12, 2018, he submitted a diluted urine sample which was positive for methamphetamine, and on December 18, 2018, he submitted a positive urine sample for methamphetamine.

   The offender has since submitted urine samples which were positive for methamphetamine on July 10, 2019, July 17, 2019, July 29, 2019, and August 13, 2019. A diluted urine sample submitted on July 16, 2019, was also positive for methamphetamine.

   As previously reported to the Court, Mr. Gorby submitted a diluted urine sample on November 13, 2018. He has since submitted diluted urine samples on December 28, 2018, February 13, 2019, June 5, 2019, July 3, 2019, and August 23, 2019. He failed to submit samples on December 8, 2018, and July 26, 2019.

   A sample collected on August 29, 2019, was negative for illicit substances.

4. "The defendant shall not possess any pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."

5. "The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."

    In approximately July 2019, an Internet-enabled cellular telephone which was confiscated from the offender was forensically examined at the request of the probation officer by an examiner at the U.S Probation Office for the Eastern District of Missouri. A minimum of 25 images of child pornography were located, as well as over approximately 100 other images which were suspected to be child pornography. Subsequently, the images were sent to the National Center for Missing and Exploited Children (NCMEC), and it was confirmed there were at least 24 images of pornography, where previously identified child sexual abuse victims were involved.

    Additionally, the cellular telephone revealed a text thread between two individuals where someone engaged in chatting activity with a woman, sent her a picture, and asked that she forward him pictures of her and her daughter.

    The cellular telephone which was confiscated from Mr. Gorby had not been disclosed to the probation officer. It was found during a search of his residence and was hidden in a VCR player.

6. "The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as directed by the probation officer.

    The offender failed to report to the Indianapolis Counseling Center (ICC) for sex offender group treatment sessions on September 15, 2018, April 27, 2019, June 8, 2019, August 24, 2019, and August 31, 2019.

7. "You shall complete 10 hours of community service within six months. The probation officer shall supervise the participation in the program (agency, location, frequency of the participation, etc.). You shall provide written verification of complete hours to the probation officer.

> As a result of noncompliance, on December 26, 2018, Mr. Gorby's supervised release conditions were modified to include the requirement he complete 10 hours of community service. To date, he has not completed any service hours.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **A** violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **12 to 18** months imprisonment.

5. Parties jointly recommended that defendant be incarcerated for twelve (12) months imprisonment to be served consecutively to the sentence in 1:19-cr-0343-JMS-DML.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

    (a) The Defendant violated the conditions in the petition;

    (b) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge;

    (c) That, consistent with the agreement, the Magistrate Judge recommends that the defendant's supervised release be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months imprisonment to be served consecutively to the sentence in 1:19-cr-0343-JMS-DML. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have waived the 14-day objection period.

Dated: March 26, 2020

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system